# Exhibit J

**E:** jwilson@bevilacquapllc.com
**T:** 202.869.0888 x.118
**C:** 703.628.9430
**W:** bevilacquapllc.com

September 14, 2023

<u>Via Email</u>

Matthew Miller
Email: matt@strategicriskllc.com

Re:     <u>Your Unauthorized Recording of a Call with Ellery Roberts</u>

Dear Mr. Miller:

  On August 28, 2023, you had a telephone call with Ellery Roberts. Mr. Roberts, who is the CEO of 1847 Holdings LLC (the "Company"), was in California during the call. He reasonably expected that the call was not being recorded or overheard.

  Since the time of that call, you have made several boasts on X indicating that you recorded the call. For example, you tweeted on September 4, 2023 that "… I have Ellery's voice recorded to the largest EFSH shareholder (myself) that there will be no r/s and there is no need to do a r/s trading on NYSE (Amex). This conversation took place on 8/28 …." You also tweeted that day that, "lol I was just listening to the entire recording of my talk with Ellery …."

  You have been reported to California legal authorities for having recorded the call without Mr. Roberts's consent. It is a violation of Section 632 of the California Penal Code for a person to record a confidential telephone communication intentionally and without the consent of all parties to the communication. A person who violates Section 632 can be subject to a fine, jail time of up to a year, or both.

  Your recording of the call may also be a violation of the federal Electronic Communications Privacy Act of 1986, *codified as amended* at 18 U.S.C. §§ 2510-2523 (the "ECPA"), as may be your intentional disclosure or use of the recording's contents.

  The reporting of you to the legal authorities is without prejudice to any causes of action that Mr. Roberts or 1847 Holdings LLC may have against you for recording the call or your use or disclosure of its contents, and all such causes of action are reserved. This includes reservation of the right to bring civil causes of action against you under Section 637.2 of the California Penal Code and the ECPA.

  Pursuant to Section 637.2 of the California Penal Code, a person who has been injured by a violation of Section 632 of the California Penal Code may bring an action against the person who committed the violation for five thousand dollars per violation or three times the amount of the plaintiff's actual damages, whichever is greater. In addition, the plaintiff may bring an action to enjoin and restrain the violation. The ECPA also entitles a person whose communication has been intercepted, disclosed, or used in violation of the ECPA to bring a civil action against the

_____

1050 Connecticut Ave., NW, Suite 500
Washington, DC 20036

---

PG. 2
September 14, 2023

**BEVILACQUA** PLLC

violator for compensatory damages, punitive damages, costs of suit, attorney's fees, and injunctive relief. *See* 18 U.S.C. § 2520.

Respectfully,

*/s/ Joseph D. Wilson/*

Joseph D. Wilson*
*Attorney for 1847 Holdings, LLC*

\* Admitted only in Virginia, Maryland, the District of Columbia, New York, and New Jersey